UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFTON-JEREL: JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-1501-WTL-MJD |
| | ) |
| STATE OF INDIANA, | ) |
| in c/o Office of the Governor, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON DEFENDANTS' MOTIONS TO DISMISS

This cause comes before the Court on the Defendants' motions to dismiss. Defendants the State of Indiana, the Madison County Circuit Court IV-D, and Rodney J. Cummings move to dismiss on various grounds. Dkt. No. 13. That motion is fully briefed, and the Court rules as follows.

Defendant Madison County Sheriff's Department has moved separately to dismiss. Dkt. No. 15. Plaintiff Clifton-Jerel: Jones has not responded, and the time for doing so has now passed. Accordingly, the motion is ripe for ruling.

### I.    STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the Court takes the facts alleged in the complaint as true and draws all reasonable inferences in favor of the plaintiff. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and there is no need for detailed factual allegations. However, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the

speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

## II.     BACKGROUND

Plaintiff Clifton-Jerel: Jones brings the instant action alleging numerous violations of his federal and state constitutional rights. In doing so, he invokes 42 U.S.C. §§ 1983, 1985, and 1986. The facts as alleged in the Complaint are as follow.

Mr. Jones asserts a number of claims against the Madison County Circuit Court IV-D. Specifically, he maintains that the Court entered his being into a contract when he was sixteen that effectively obligated him to pay child support and go to jail if he could not make the payments. Further, the Court did not inform him of the federal funding incentives the State of Indiana was set to receive once it established parentage and child support. He contends the Court violated the law of contracts by not fully disclosing what was required of him and that he was under the age of capacity. Additionally, Jones contends that the Court twice incarcerated him for contempt of court but that the Court was not authorized by the Indiana Code to arrest him for contempt and that it issued multiple warrants for his arrest but was not authorized to do so. Furthermore, Mr. Jones contacted the Court and the State of Indiana to have his paternity petition removed from the court so that he would "be left to handle [his] own affairs how [he wills] without any further interference from the State of Indiana or Madison County," but neither responded to him. Rather, he alleges that the Court improperly changed his designation from petitioner to respondent.

Mr. Jones also seeks redress from the State of Indiana, alleging that, after he brought the aforementioned events to the attention of the Governor, the State neither responded nor remedied the situation. Similarly, Mr. Jones seeks redress from child support prosecuting attorney Rodney

Cummings, who Mr. Jones alleges committed obstruction of justice, perjury, and official misconduct.

Mr. Jones also asserts claims against the Madison County Sheriff's Department. While incarcerated on an unrelated issue in February 2008, Mr. Jones attempted to perform his dawn prayer as a Muslim. Officers of the Madison County Sheriff's Department are alleged to have hindered and then violently interrupted Mr. Jones's prayer.

In total, Mr. Jones seeks $32.9 million in damages, to be allocated among the Defendants according to their culpability. He separately seeks $150,000 from Mr. Cummings. Mr. Jones also seeks dismissal with prejudice of his paternity petition from Madison County Circuit Court.

### III.   DISCUSSION

In the view of the Defendants, Mr. Jones seeks to attack the establishment of paternity and related child support orders. Mr. Jones has clarified that he does not seek to relitigate paternity, Jones' Resp. at § D, No. 19, although he does seek the dismissal of his petition and all child support petitions and orders. As the Defendants point out, it is rarely appropriate for this Court to intervene in state court proceedings, *see, e.g.*, *Crawford v. Countrywide Home Loans, Inc.*, 647 F.3d 642, 645-47 (7th Cir. 2011) (applying the *Rooker-Feldman* doctrine), much less vacate state court orders. It is likewise inappropriate here.

Mr. Jones also seeks monetary redress for improper acts that occurred during the proceedings but are independent of its result. The Court turns to those claims now.

#### A. State of Indiana and Madison County Circuit Court IV-D

Mr. Jones seeks redress from the Circuit Court for its complicity in the paternity proceedings, the issuance of arrest warrants, and the incarceration of Mr. Jones for contempt. He asserts claims against the State of Indiana for the same reasons, as well as for failing to redress the alleged violations after they occurred.

To the extent that these actions may constitute violations of federal constitutional law, neither the State nor the Circuit Court are "persons" within the meaning of §§ 1983, 1985, and 1986. *E.g.*, *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999); *Thomas v. Illinois*, 697 F.3d 612, 613-14 (7th Cir. 2012). Furthermore, Mr. Jones has not pointed to any other federal claim against the State or the Court that is not barred by the Eleventh Amendment. *See Thomas*, 697 F.3d at 613. Any federal claim against these defendants therefore does not lie.

### B.     Madison County Prosecutor

Mr. Jones also seeks relief from Rodney Cummings, the prosecuting attorney of the Child Support Division of the Circuit Court. A prosecutor enjoys absolute immunity from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties and qualified immunity for actions taken in an investigatory role, such as searching for clues and collaboration in order to recommend that a suspect be arrested. *E.g.*, *Fields v. Wharrie*, 672 F.3d 505, 510 (7th Cir. 2012).

Here, Mr. Jones complains of Cummings' "illegal actions" – obstructing justice, perjury, and official misconduct. Am. Compl. at Claim XI, No. 5. As best the Court can tell, these claims relate to an affidavit prepared by Mr. Cummings and filed in the paternity action in Madison County Court. Mr. Cummings is alleged to have suborned perjury insofar as he drafted an affidavit in which the mother of Mr. Jones's daughter attests that she is the petitioner in the paternity and child support action. Mr. Jones asserts that he is the petitioner; his daughter's mother is the respondent. However, to the extent that the Prosecutor is alleged to have violated Mr. Jones's federal rights in doing so, the Prosecutor is absolutely immune from suit.

### C.     Madison County Sheriff's Department

Mr. Jones also asserts claims against the Madison County Sheriff's Department for its officers' interference with his dawn prayer while incarcerated on February 14-15, 2008. These claims are time-barred by the statute of limitations.

The applicable statute of limitations for a matter brought pursuant to 42 U.S.C. §§ 1983 and 1985 in Indiana is two years, while the statute of limitations for a matter brought under 42 U.S.C. § 1986 is one year. *Hoagland v. Town of Clear Lake, Ind.*, 415 F.3d 693, 699-700 (7th Cir. 2005); *Campbell v. Chappelow*, 95 F.3d 576, 580 n.4 (7th Cir. 1996) (two-year, not five-year, statute of limitations under state law applies to § 1983 claims against public officer); 42 U.S.C. § 1986. A § 1983 claim accrues when the plaintiff has a "complete and present cause of action" as governed by federal rules conforming in general to common-law tort principles. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). In other words, the claim accrues when the plaintiff can file suit and obtain relief. *Id*. It would appear that Mr. Jones could file suit and obtain relief immediately after the incident occur. However, Mr. Jones argues in response that he was incompetent "until recently," but he points to no supporting facts to render such a tolling factor plausible. Accordingly, the Court finds that Mr. Jones's claim accrued in February 2008 and the applicable limitations period lapsed in February 2009 and February 2010 respectively. Mr. Jones did not file the instant action until October 16, 2012; accordingly, the §§ 1983, 1985, and 1986 claims asserted by Mr. Jones against the Sheriff's Department are time-barred. After independent review, the Court can read no other federal claims against the Sheriff from Mr. Jones' Amended Complaint. Accordingly, the Sheriff is entitled to dismissal of the federal claims against it.

### D.  State Law Claims

The Plaintiff also asserts claims against the State, the Court, the Prosecutor, and the Sheriff's Department for violation of state law. The Court's jurisdiction over the Plaintiff's

5

remaining state law claims is based on 28 U.S.C. § 1367, which provides for the exercise of supplemental jurisdiction over claims based on state law that are closely related to the federal claims in a case. However, "[w]hen the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts." *Leister v. Dovetail, Inc.,* 546 F.3d 875, 882 (7th Cir. 2008). There are exceptions to that general rule, and the court should decide the merits of a supplemental state claim when (1) the statute of limitations has run, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is "absolutely clear" how the state claims should be decided. *Davis v. Cook County,* 534 F.3d 650, 654 (7th Cir. 2008). None of those exceptions apply here. To the extent statute of limitations problems already exist, they would not be exacerbated by the refiling of the Plaintiff's claims in state court; none of this Court's resources have been expended on the state law claims; and the parties have not briefed the state law claims sufficient to render their resolution so obvious as to overcome the presumption that remand is appropriate. Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

### E.   CONCLUSION

For the foregoing reasons, the motion by the State of Indiana, the Madison County Circuit Court IV-D, and Rodney J. Cummings is **GRANTED**.

The Madison County Sheriff's Department's motion is likewise **GRANTED**. However, the dismissal of Mr. Jones's claims against the Sheriff's Department is without prejudice. This means that Mr. Jones may amend his complaint to make the necessary factual allegations in support of his alleged incompetency, if the facts do indeed support them. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (district courts routinely do not terminate a case at the same

time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend complaint); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears). If Mr. Jones is aware of detailed facts tending to show his incompetency during the relevant time period, he may be granted leave to amend his complaint to add those facts. Leave shall be granted for this limited purpose only.

If Mr. Jones wishes to seek leave to file amended allegations regarding his incompetency, he shall file the appropriate motion by **Wednesday, April 10, 2013**. If Mr. Jones seeks leave, he shall include with his motion for leave a copy of his proposed amended complaint.[1] If no such motion is filed by that date, the Court will enter final judgment dismissing Mr. Jones's claims with prejudice.[2]

SO ORDERED:   03/20/2013

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.

**Copy by United States mail to:**   **Mr. Clifton-Jerel: Jones**
**2431 Sheffield Ave.**
**Anderson, IN 46011**

---

[1] In the event that Mr. Jones seeks leave to amend his allegations of incompetency and thereafter withstands response by the Defendants, the Defendants may move to renew their motions to dismiss regarding the state law claims.

[2] In light of the Court's ruling, the pending motion to stay, as well as the Plaintiff's motions for summary judgment, are **DENIED AS MOOT**.