UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLIFTON-JEREL: JONES, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:12-cv-01501-WTL-MJD |
| ) | |
| STATE OF INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**E N T R Y**

The plaintiff's motion for disqualification has been considered.

Under 28 U.S.C. ' 455(a), a federal judge must disqualify himself "in any proceeding in which his impartiality might reasonably be questioned." *Matter of Hatcher,* 150 F.3d 631, 637 (7th Cir. 1998). "The standard in any case for a ' 455(a) recusal is whether the judge's impartiality could be questioned by a reasonable, well-informed observer." *Id.* In *Hook v. McDade,* 89 F.3d 350, 354 (7th Cir. 1996), the court stated that ' 455(a) "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. This is an objective inquiry."

Judicial rulings, routine trial administration efforts, and ordinary admonishments are not grounds for recusal. *See Liteky v. United States,* 510 U.S. 540 (1994). In order to justify recusal under § 455(a), the impartiality of which a judge is accused will almost always be extrajudicial. *Id.* at 554; *O'Regan v. Arbitration Forums, Inc.,* 246 F.3d 975, 988 (7th Cir. 2001); *In re Huntington Commons Assocs.,* 21 F.3d 157, 158-59 (7th Cir. 1994). Thus, "[w]hen a motion for recusal fails to set forth an extrajudicial source for the alleged bias and no such source is

apparent, the motion should be denied." S*prinpangler v. Sears, Roebuck & Co.*, 759 F. Supp. 1327, 1329 (S.D.Ind. 1991) (citing *Jaffree v. Wallace,* 837 F.2d 1461, 1465 (11th Cir. 1988)).

The plaintiff seeks the recusal of the undersigned because he disagrees with one or more rulings in this action and because the undersigned was formerly a judicial officer in a circuit court of this State. The former factor has been adequately addressed in the preceding paragraph. The plaintiff=s dissatisfaction with prior rulings by the undersigned is not evidence of bias, nor is it otherwise a valid basis for a change of judge. The latter factor suggests to the plaintiff, but would not suggest to a reasonable person, that it is "impossible" for the undersigned to be impartial in light of the plaintiff's challenge to the authority of the Circuit Courts of Indiana. As to this second factor cited in the motion for disqualification, former service as a judicial officer in the State of Indiana does not undercut my impartiality, which is both presumed, *see United States v. Baskes,* 687 F.2d 165, 170 (7th Cir. 1981), and a reality. The court concludes that there is no legitimate basis for the plaintiff to seek the disqualification of the undersigned. The motion to recuse thus fails under ' 455(a)(1) because the circumstances reviewed above do not demonstrate an objectively reasonable basis for questioning my impartiality. In addition, no circumstances associated with this action warrant the disqualification of the undersigned judge under any provision of ' 455(b). The plaintiff=s suggestion otherwise is both frivolous and contrived.

An additional circumstance is properly noted. Although ' 455 does not contain an explicit timeliness requirement, Aa claim for judicial recusal under section 455 >will not be considered unless timely made.=A *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003) (quoting *United States v. Bauer*, 19 F.3d 409, 414 8th Cir. 1994)). ATimeliness requires a party to raise a claim >at the earliest possible moment after obtaining knowledge of facts

demonstrating the basis for such a claim." *Id.* (quoting *Apple v. Jewish Hosp. & Med. Ctr.,* 829 F.2d 326, 333 (2d Cir. 1987)). This action was filed on October 16, 2012, and has been assigned to the docket of the undersigned since that date. The Madison Circuit Court was a named defendant in the complaint when filed and was retained as a defendant in the amended complaint filed on November 7, 2013. Final judgment was entered on the clerk's docket on April 17, 2013. A notice of appeal was filed on May 14, 2013, as was the motion for disqualification. These circumstances show that the motion for disqualification was not timely filed and in being filed after the entry of final judgment was likely not even filed for a legitimate purpose.

Based on the foregoing, the plaintiff's motion for disqualification [Dkt 40] is **denied.**

**IT IS SO ORDERED.**

Date:  06/10/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Clifton-Jerel: Jones
2431 Sheffield Ave.
Anderson, IN 46011

Electronically Registered Counsel